IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SUPERIOR HEATING & COOLING, LLC, a Nebraska limited liability company, et al.,<br><br>Defendants. | 8:19-CV-0007<br><br>ORDER |

This matter is before the Court on the plaintiff's motion for default judgment (filing 27), which seeks default judgment as to 2 of the 3 named defendants in this action pursuant to Fed. R. Civ. P. 55(b)(2), and asks the Court to certify that judgment as final pursuant to Fed. R. Civ. P. 54(b). But, to begin with, Rule 54(b) is not appropriately applied here.

> Rule 54(b) permits the district court to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. A district court must first determine that it is dealing with a final judgment in the sense that it is an ultimate disposition of an individual claim. Then: In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.

*Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1118 (8th Cir.

2011). In other words, the purpose of Rule 54(b) is to permit the Court to control appealability. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 434-36 (1956). Because "[t]he sole purpose of a Rule 54(b) order is to provide an opportunity to appeal claims affecting some but not all of the parties or some but not all of the issues," *Orion Fin. of S.D. v. Am. Foods Grp.*, 201 F.3d 1047, 1049 (8th Cir. 2000), it is not at all clear that Rule 54(b) is even appropriately considered where there is no indication an interlocutory appeal is contemplated.

Nor would certification be warranted even if Rule 54(b) was in play. The Eighth Circuit disfavors Rule 54(b) certification where the adjudicated and pending claims are closely related and stem from essentially the same factual allegations. *Outdoor Cent., Inc.*, 643 F.3d at 1119. Where each claim requires familiarity with the same nucleus of facts and involves analysis of similar legal issues, the claims should be finally resolved together. *See id.*

And, a default judgment against one defendant does not preclude a codefendant from contesting the plaintiff's claim. *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 432 (8th Cir. 1992). So,

> [w]hen there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved. This is not because the nondefaulters would be bound by the damage determination against the defaulters, but to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable defendants.

*Id.* at 433.

Here, the plaintiff's complaint seeks to hold all 3 defendants jointly and severally liable for a single claim of breach of contract. Filing 1 at 7. The plaintiff cannot demonstrate that there is no just reason for delay when no appeal is contemplated, nor is certification of a final judgment warranted when the defendants against whom final judgment is sought face a claim that remains pending as to another defendant—nor, finally, is a default judgment appropriate while a claim remains unresolved against a defendant from whom joint and several damages are sought. *See Pfanenstiel*, 978 F.2d at 433.

The complicating factor is that, so far, the plaintiff has been unable to serve process on the nondefaulted defendant. That's unfortunate for the plaintiff—but, so long as the plaintiff continues to pursue its claim against the nondefaulted defendant, a default judgment against the defendants who have been served will not be entered, nor will any final judgment be entered.

The plaintiff recently received an extension of time—until September 16, 2019—to serve the nondefaulted defendant. Perhaps then there will be more clarity about the status of the plaintiff's claim against her. But regardless, the plaintiff's motion will be denied without prejudice to reassertion once the plaintiff's claim against her is resolved, or at least resolvable on motion.

IT IS ORDERED that the plaintiff's motion for default judgment (filing 27) is denied without prejudice.

Dated this 1st day of August, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge