IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SUPERIOR HEATING & COOLING, LLC, a Nebraska limited liability company, et al.,<br><br>Defendant. | 8:19-CV-0007<br><br>**ORDER TO SHOW CAUSE** |

This matter is before the Court on Plaintiff's Renewed Motion for Default Judgment. Filing 33. It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997)).

In reviewing the record of this case, the Court believes the record is not clear that Plaintiff has properly served defendant Derrone Greene with a summons and copy of the Complaint. The Court is issuing this Order to Show Cause to invite briefing and evidence regarding service of Greene. The Court also invites revised calculations on Plaintiff's damages evidence as to its motion for default judgment.

Plaintiff filed suit against Derrone Greene in his individual capacity.[1] Filing 1. On March 29, 2019, the original summons issued for Greene was returned unexecuted after five unsuccessful

---

[1] The Court notes that under Neb. Rev. Stat. § 25-509.01, Plaintiff appears to have properly served Superior Heating & Cooling, LLC. The process server left a copy of the Complaint and summons at the registered office with the company bookkeeper, presumably a person employed by Defendant, Superior. Filing 17. On its face, this appears to satisfy the service requirements for a corporation in Nebraska.

1

attempts in February. Filing 8. Plaintiff requested an alias summons for Greene and it was returned executed on May 2, 2019.

Fed. R. Civ. P. 4(e) states that "an individual . . . may be served . . . by . . . (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." A review of the summons shows the process server failed to deliver the summons to Greene personally or to his usual place of abode as required by Fed. R. Civ. P. 4(e) or residence allowed under Neb. Rev. Stat. § 25-508.01. It is also clear that Plaintiff did not serve Greene by certified mail or designated delivery service. *See* Neb. Rev. Stat. § 25-508.01. Instead, Plaintiff's process server delivered service to defendant Greene by providing "substitute service" upon Greene by delivery to Tracey Parker in her capacity as the "company bookkeeper." Filing 16 at 2.

Neb. Rev. Stat. § 25-517.02 allows for substitute service "[u]pon motion and showing by affidavit that service cannot be made with reasonable diligence by another method provided by statute . . ." Plaintiff has not made such a motion or submitted evidence regarding service of Greene.

Plaintiff is ordered to show cause why the claim against Greene should not be dismissed for failure to properly serve Greene pursuant to applicable law.

In addition, Plaintiff requests an award of attorney fees in its motion for default judgment. Filing 33. The Nebraska Supreme Court has held that "in the absence of a uniform course of procedure or authorization by statute, contractual agreements for attorney fees are against public policy and will not be judicially enforced." *Stewart v. Bennett*, 273 Neb. 17, 22, 727 N.W.2d 424, 429 (2007).

Nebraska Courts have not recognized an exception to the prohibition on awarding attorney fees for cases where an indemnified party sues an indemnitor to enforce the indemnity agreement. *See Havelock Bank of Lincoln v. W. Sur. Co.*, 217 Neb. 560, 566, 352 N.W.2d 855, 859 (1984) (finding the trial court did not err "in not allowing [the indemnified party] attorney fees on the judgment obtained against the indemnitors"). However, Nebraska courts have allowed the indemnified party to recover attorney fees from the indemnitor for the cost of defending the underlying litigation from which the party should have been indemnified. *See Oddo v. Speedway Scaffold Co.*, 233 Neb. 1, 2, 443 N.W.2d 596, 598 (1989) (allowing the recovery of both the settlement and the attorney fees expended in defending underlying claim).

Plaintiff has submitted evidence seeking a judgment that includes attorney fees incurred both for this action and the underlying claim from which it claims it should have been indemnified. Plaintiff's calculations also include a request for interest on such attorney fees. The Court demands that Plaintiff revise its damages calculations in accordance with applicable law.

IT IS ORDERED:

1. Plaintiff shall show cause on or before November 8, 2019, as to why its Renewed Motion for Default should not be denied as to Derrone Greene for ineffective service upon him.

2. Plaintiff shall provide the Court with revised damage calculations that are in accordance with applicable law.

Dated this 1st day of November, 2019.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge